UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61178-CIV-GAYLES/WHITE

**RAMON F. RIVERA LOPEZ**,

    Plaintiff,

vs.

**WILLIAM JAY GELIN**,

    Defendant.

_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

**THIS MATTER** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 7]. Plaintiff Ramon F. Rivera Lopez filed a *pro se* civil rights claim pursuant to 42 U.S.C. § 1983 on June 6, 2016. [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. With his Complaint, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. [ECF No. 4].

Judge White's Report recommends that the Court dismiss Plaintiff's Complaint pursuant to the screening procedures of 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. Objections to the Report and the Supplemental Report were due by June 28, 2016. To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee Notes.

Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988).

Even in the absence of a timely objection, this Court has conducted a *de novo* review of the record and the applicable law. Based on that review, this Court agrees with the analysis and fully adopts Judge White's well-reasoned Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 7]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 **[ECF No. 1]** is **DISMISSED with prejudice** pursuant to the screening procedures of 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may reassert his claims in state court.

2. The Clerk of the Court is directed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of June, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge White
      Counsel of Record